**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GREGORIO OLIVARES GUTIERREZ,<br>*Plaintiff*,<br><br>v.<br><br>DR. PRABHAS V. MOGHE, in his individual capacity and his official capacity as President of the University of Texas at Dallas, DR. GENE FITCH, in his individual capacity, and DR. AMANDA SMITH, in her official capacity as Interim Vice President for Student Affairs and Dean of Students of the University of Texas at Dallas,<br><br>JOHN M. ZERWAS, M.D., in his official capacity as Chancellor of the University of Texas System, and<br><br>KEVIN P. ELTIFE, JANIECE LONGORIA, JAMES C. "RAD" WEAVER, CHRISTINA MELTON CRAIN, ROBERT P. GAUTT, JODIE LEE JILES, NOLAN PEREZ, M.D., STUART W. STEDMAN, and KELCY L. WARREN, in their official capacities as members of the Board of Regents of the University of Texas System,<br><br>*Defendants*. | § | Civil Case No. 1:26-cv-02546-XR |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction [ECF 12] against Defendants should be denied. In order to receive a temporary restraining order, Plaintiff is required to show: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Smith v. Tarrant Cnty. Coll. Dist.*, 670 F. Supp. 2d 534, 537 (N.D. Tex. 2009). The party seeking such relief must satisfy a cumulative burden of proving *each* of the four elements enumerated before a temporary restraining order can be granted. *Id.* Injunctive relief is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors. *Id.*

Plaintiff's application for restraining order fails to meet each of the four required elements and should therefore be denied.

## I. PLAINTIFF'S CLAIMS ARE UNLIKELY TO SUCEED ON THE MERITS

Defendants deny each of Plaintiff's claims. Additionally, Plaintiff's claims are likely to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### A. 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal due to the Court's lack of subject matter jurisdiction. Federal court subject matter jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). Dismissal under Rule 12(b)(1) is appropriate if a claim is barred by state sovereign or Eleventh Amendment immunity. *Warnock v. Pecos Cty., Tex.*, 88 F.3d

341, 343 (5th Cir. 1996). The burden of proof for a Fed. R. Civ. P. 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The principle of sovereign immunity bars citizens from suing a non-consenting state in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Eleventh Amendment operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir.2011). The Eleventh Amendment bars any claims brought against a state or state agency unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity to suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

Plaintiff's Section 1983 claims against all of the Defendants should be dismissed.

*1. Plaintiff's Section 1983 claims against Moghe, Smith, Zerwas, Eltife, Longoria, Weaver, Crain, Gauntt, Jiles, Perez, Stedman, and Warren, in their official capacities, are barred by sovereign immunity.*

Section 1983 claims against the state and state officials are barred by sovereign immunity. *Doe v. Bonath*, 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023). The Supreme Court has explicitly held that Section 1983 does not abrogate state sovereign immunity. *Doe v. Bonath,* 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981); *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). UTD is an arm of the state. *Allen v. Benson*, 691 F. Supp. 3d 746, 756 (E.D. Tex. 2023); therefore, Moghe, Fitch, and Smith, in their official capacities, are also arms of the state, and claims against them are barred by sovereign immunity. The University of Texas System has been deemed to be an arm of the State of Texas; therefore Zerwas as an official of the UT System, is an arm of the state in his official capacity, and claims against him are barred by sovereign immunity. *Somers v. UT MD Anderson*

*Cancer Ctr.*, No. 4:19-CV-390, 2019 WL 13055095, at *2 (S.D. Tex. June 28, 2019). The Board of Regents for the UT System is an arm of the state; therefore Eltife, Longoria, Weaver, Crain, Gauntt, Jiles, Perez, Stedman, and Warren, sued in their official capacities, are also covered by sovereign immunity. *Smith v. Univ. of Tex. at San Antonio*, No. SA-23-CV-00538-OLG, 2024 WL 4256461, at *11 (W.D. Tex. Aug. 21, 2024).

Therefore Plaintiff's Section 1983 claims are barred by sovereign immunity with regard to these Defendants.

*2. Ex parte Young is not applicable to Plaintiff's Claims*

State sovereign immunity under the Eleventh Amendment generally precludes suits against state officials in their official capacities. *City of Austin v. Paxton*, 943 F.3d 993, 997–98 (5th Cir. 2019). The *Ex parte Young* exception to state sovereign immunity allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

The inquiry into whether a suit is subject to the *Ex parte Young* exception requires a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). To comply with the dictates of *Ex parte Young*, Plaintiff's lawsuit must allege that the Defendants' actions are currently violating federal law, and that they do not seek redress for "past harms." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020).

Plaintiff does not allege an ongoing violation of federal law and does not seek prospective relief. Plaintiff's Complaint makes it clear that he seeks redress for the sanctions imposed by UTD regarding the Letter to the Editor. Plaintiff seeks the following redress (See, Plaintiff's Complaint, page 23 – 24:

- Judgment in favor of Gutierrez decreeing that Defendants' application of their policies violated Gutierrez's right to free speech under the First and Fourteenth Amendments to the United States Constitution;

- Judgment in favor of Gutierrez decreeing that Moghe and Fitch's acts towards Gutierrez constituted retaliation for expressive activities protected by the First and Fourteenth Amendments to the United States Constitution;

- Judgment vacating Defendants' discrimination determination against Gutierrez, rescinding the deferred suspension, rescinding the education sanction, and expunging Gutierrez's disciplinary record;

- Judgment prohibiting the application of the policies under which Defendants unlawfully sanctioned Gutierrez simply because he engaged in journalism-a protected constitutional activity;

- A declaratory judgment stating that Defendants' application of their policies violated Gutierrez's right to free speech under the First and Fourteenth Amendments to the United States Constitution;

- A declaratory judgment stating that Moghe and Fitch's acts towards Gutierrez constituted retaliation for expressive activities protected by the First and Fourteenth Amendments to the United States Constitution;

- A preliminary and permanent injunction restraining the enforcement of Defendants' policies against Gutierrez in a manner violative of the First and Fourteenth Amendments to the United States Constitution.

Additionally, Plaintiff does not allege an ongoing violation of federal law. Plaintiff makes a speculative allegation that his deferred suspension may become a full suspension at a later point but does not argue that such a sanction is currently being applied. *See Fisher v. Tex. Tech Univ. Regents*, No. 5:26-CV-0073-X, 2026 WL 1651453, at *2 (N.D. Tex. June 8, 2026).

3. *Plaintiff does not have standing to sue any of the Defendants.*

In addition to the fact that Plaintiff's Section 1983 claims are barred by sovereign immunity, the Court lacks jurisdiction over all of Plaintiff's claims against all of the Defendants because Plaintiff lacks standing to sue them. A defendant may challenge jurisdiction, including standing, in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Daily Wire, LLC v. U.S. Dep't of State*, 733 F. Supp. 3d 566, 576 (E.D. Tex. 2024).

To have standing, Plaintiff must demonstrate that he (1) suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; (2) that is fairly traceable to the challenged action; and (3) redressable by a favorable ruling. *Murthy v. Missouri*, 603 U.S. 43, 57 (2024). Plaintiff must demonstrate standing for each claim brought against each defendant, and for each form of relief sought. *Id* at 61.

Plaintiff's Complaint fails to allege any facts supporting his contention that each Defendant violated his rights. Instead, Plaintiff alleges that each Defendant has some "general authority" over some part of the process that found him responsible. However, Plaintiff does not allege that any of the specific Defendants in this suit played any part in the investigation or the decision regarding sanctions. Further, he does not allege that the Defendants have done anything to enforce or affirm sanctions against Plaintiff.

Instead, Plaintiff argues that UTD or some "UTD administrator" are responsible for his injuries. For example:

- UTD removed him from The Mercury (Plaintiff's Complaint, ¶ 47);
- He met with UTD officials, submitted a written response, and sat for an interview. (Plaintiff's Complaint, ¶ 50);
- UTD sent proposed findings to the parties for review and comment (Plaintiff's Complaint, ¶ 51);
- UTD concluded that Gutierrez discriminated against Steinberg (Plaintiff's Complaint, ¶¶ 51 and 63);
- UTD held Plaintiff responsible under both the university's Nondiscrimination Policy and Student Code of Conduct (Plaintiff's Complaint, ¶ 65); and a
- "UTD administrator" or "the panel" made the determination regarding sanctions against Plaintiff (Plaintiff's Complaint, ¶¶ 52 and 66).

Plaintiff's claims against each Defendant are not particularized, *i.e.*, Plaintiff does not provide any facts arguing that each defendant did anything to affect the plaintiff in a personal and

individual way. *See*, *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024). Instead, Plaintiff provides an insufficient general grievance against the Defendants. *Id*. Plaintiff also fails to provide any facts regarding traceability. Plaintiff does not allege a chain of events leading from Defendants' actions to any asserted injury. *See*, *id* at 385.

**B. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.

Plaintiff's Complaint fails to state a cause of action against all of the Defendants.

*1. Plaintiff's Section 1983 claim fails to state a claim against Fitch and Moghe, individually, because they were not personally involved.*

Plaintiff's claims against Fitch and Moghe, individually, are barred. An individual can only be liable under Section 1983 if they had direct personal involvement in the discriminatory act and cannot be held liable for the actions of subordinates. *Muhammad v. Perry*, No. A-10-CA-573-SS, 2010 WL 3338541, at *1 (W.D. Tex. Aug. 23, 2010). Where the individual did not hire, supervise,

or take any adverse action against the Plaintiff, the Section 1983 claim fails. *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 703 (N.D. Tex. 2014).

As stated above, Plaintiff does not allege that Fitch or Moghe had any personal involvement in the investigation of Plaintiff, decision to find Plaintiff responsible, or assessment of sanctions against Plaintiff. Plaintiff's Complaint alleges that Moghe has some "general authority" over UTD, which admits that Moghe was not personally involved. Plaintiff's Complaint, ¶ 17.

Plaintiff's Complaint alleges that Fitch "was the ultimate decisionmaker concerning student discipline and the application of the Student Code of Conduct." Plaintiff's Complaint, ¶ 18. But Plaintiff does not factually allege that Fitch played any part in disciplining or applying the Student Code of Conduct to Plaintiff. In fact, Plaintiff states that "UTD" found him responsible under both the university's Nondiscrimination Policy and Student Code of Conduct. Plaintiff's Complaint, ¶ 65.

Plaintiff does not provide any facts suggesting that Moghe or Fitch had personal involvement in the investigation into Plaintiff or the sanctions assessed. Therefore, the claims against Moghe and Fitch, individually, should be dismissed.

2. *Plaintiff's claims against Fitch and Dr. Moghe, individually, are barred by qualified immunity.*

"A public official, sued in his individual capacity, performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. Duncanville School District*, 2005 WL 723458, *9 (N.D. Tex. 2005).

As stated above, Fitch and Moghe did not perform any function, discretionary or otherwise, as it relates to Plaintiff. Therefore, qualified immunity bars claims against Fitch and Moghe, individually.

3. *Plaintiff's Section 1983 claim fails to state a claim for relief against the Defendants in their Official Capacities.*

Neither a State nor its officials acting in their official capacities are "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Adams v. Recovery Sch. Dist. ex rel. Louisiana, Dep't of Educ.*, 463 Fed. Appx. 297, 298 (5th Cir. 2012) (For purposes of Section 1983, states and arms of a state are not "persons," and a Section 1983 claim cannot be brought against those entities or their officials acting in an official capacity.).

Moghe, Fitch, and Smith, as UTD officials, are not "persons" under Section 1983. *Allen v. Benson*, 691 F. Supp. 3d 746, 756 (E.D. Tex. 2023). Zerwas, as the Chancellor of the UT System, is a state official, and therefore not a "person." *Somers v. UT MD Anderson Cancer Ctr.*, No. 4:19-CV-390, 2019 WL 13055095, at *2 (S.D. Tex. June 28, 2019). Eltife, Longoria, Weaver, Crain, Gauntt, Jiles, Perez, Stedman, and Warren, as Board of Regents officials, are also state officials and not "persons." *Smith v. Univ. of Tex. at San Antonio*, No. SA-23-CV-00538-OLG, 2024 WL 4256461, at *11 (W.D. Tex. Aug. 21, 2024). Additionally, Zerwas and the Board of Regents are not involved in student discipline pursuant to UTD's Institutional Rules. Therefore, the claims against these Defendants should be dismissed.

## II. A GREATER INJURY WOULD RESULT FROM GRANTING THE TRO AND WOULD DISSERVE THE PUBLIC INTEREST.

UTD's assessment of sanctions against Plaintiff was not arbitrary or capricious but rather were the result of a full review process. Plaintiff admits that there was a full investigation into the claims made against him and that he had notice of that investigation; that he met with and sat for an interview with UTD officials and provided a written response to the complaint made against him; that a hearing was had with neutral adjudicators; and that he was given the opportunity to appeal the panel's ruling. *See*, Plaintiff's Complaint, ¶¶ 48, 50, 54, 64, and 67. Plaintiff only seeks

the Court's intervention because he disagrees with the outcome and minor sanctions against him. Plaintiff's request for the Court to provide a second review of the discrimination claims made against him, despite UTD's full and fair process, is not proper court intervention. The Supreme Court has stated that "courts should refrain from second-guessing the disciplinary decisions made by school administrators" and school officials are given broad latitude to resolve student complaints. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411 (5th Cir. 2015). UTD has an interest in the Court upholding its disciplinary decisions where a full and fair investigation of a student complaint has occurred. It is not grounds for the Court to maneuver around the school's decision so that the Plaintiff can have another bite at the apple regarding the decision to assess sanctions against him. Further, the complaint against Plaintiff was one of discrimination by a journalist. It would disserve the UTD student and faculty population for Plaintiff to be released from sanctions for discrimination, especially after an adjudicative process.

## III. THERE IS NOT A SUBSTANTIAL THREAT OF IMMEDIATE AND IRREPARABLE HARM.

Plaintiff alleges that there is a substantial threat to him of immediate and irreparable harm by being required to attend a class and write a paper, something Plaintiff is already doing as a student at UTD. Attending a class and writing a paper is not the type of potential "harm" that warrants the extraordinary relief of a temporary restraining order or temporary injunction. Importantly, Plaintiff's suspension has been deferred and he is currently a UTD student who is allowed to attend class and fully engage in the student experience.

Plaintiff alleges that he has some fear of potential repercussion from a second complaint of discrimination made against him. However, the potential outcome of a second complaint is speculative at best. At this time, a temporary restraining order or injunction is premature regarding repercussions of a second complaint. Importantly, any potential claims that Plaintiff has regarding

potential sanctions of the second complaint, are not currently before the Court. The second complaint is still being investigated per UTD's policies and procedures and has yet to be adjudicated.

In light of the lack of irreparable harm, the injury the TRO would work on UTD, the disservice it would work on the public, and Plaintiff's low likelihood of success on the merits, all of the TRO factors weigh against granting the extraordinary remedy Plaintiff seeks.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's request for a temporary restraining order be denied.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division
*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General
Texas Bar No. 24085665
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2100
Fax: (512) 320-0667
Jordan.Woody@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/ECF on this 10th day of November, 2026, which will send electronic notice of filing to Counsel for Plaintiff.

Griffin S. Rubin
Jonathan Bridges
Cash W. Carter
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: gsr@sbaitilaw.com
E: jeb@sbaitilaw.com
E: cash.carter@sbaitilaw.com

*Attorneys for Plaintiff*

*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General