**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

GREGORIO OLIVARES GUTIERREZ,

Plaintiff,

v.

DR. PRABHAS V. MOGHE, et al.,

Defendants.

Case No. 1:26-cv-02546-XR

**MOTION OF LAW PROFESSORS FAISAL CHAUDHRY, MOHAMMAD FADEL, AND RAMSI A. WOODCOCK FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Law professors Faisal Chaudhry, Mohammad Fadel, and Ramsi A. Woodcock move for leave to file the brief attached as Exhibit 1 as amici curiae in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 12). In support, amici state as follows.

1. Amici are law professors who hold, and express in their teaching, scholarship, or public commentary, views supportive of Palestinian rights and critical of the State of Israel and of Zionism. Professors Chaudhry and Woodcock hold faculty appointments at American public universities. Professor Fadel teaches in Canada and has studied and taught at American universities. He has lectured at the University of Texas at Austin on topics related to Israel and Palestine and has been invited to lecture there again in February 2027. Their titles and affiliations appear in the Appendix to the brief.

2. Amici's interest is in the rule that determines whether a public university may treat speech about Israel as discrimination against Jewish members of the university community. The University of Texas at Dallas found that Plaintiff harassed a Jewish student on the basis of national origin by publishing the student's letter about Israel with an editor's note citing a United Nations commission's findings against Israel. ECF 12-2 at 3, 9–10. Faculty and students who

speak and write about Israel and Palestine, as amici do, live under the rule the Court's decision will help define.

3. The brief does not repeat Plaintiff's arguments. Where it touches a point Plaintiff makes, it says so and adds authority Plaintiff has not cited. It explains why criticism of a foreign state's conduct is not, standing alone, harassment of anyone because of national origin or ancestry. Amici draw on authority that the parties have not addressed, including the Department of Education's guidance that speech about a country's policies "does not necessarily implicate federal civil rights laws," the First Circuit's rejection of the "ancestral homeland" theory of harassment in *StandWithUs Center for Legal Justice v. Massachusetts Institute of Technology*, 158 F.4th 1, 16–19 (1st Cir. 2025), which Plaintiff cites only at page 13 on a different point, the Supreme Court's decisions in *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557 (1995), and *Papish v. Board of Curators of the University of Missouri*, 410 U.S. 667 (1973) (per curiam), the Third Circuit's decision in *DeJohn v. Temple University*, 537 F.3d 301 (3d Cir. 2008), and the limits in the University's own harassment policy, ECF 12-5 at 3.

4. Neither the Federal Rules of Civil Procedure nor this Court's Local Rules address amicus briefs in the district court. Amici have followed the practice of Federal Rule of Appellate Procedure 29. The brief is short. It states amici's interest. It also includes the disclosure required by Rule 29(a)(4)(E): no party or party's counsel authored the brief in whole or in part, and no person other than amici contributed money intended to fund its preparation or submission.

5. Amici file this motion before the hearing set for November 13, 2026, so that the Court and the parties have the brief in advance. Amici do not seek to participate in the hearing.

For these reasons, amici respectfully ask the Court to grant leave to file the brief attached as Exhibit 1. A proposed order is attached as Exhibit 2.

Dated: November 11, 2026

Respectfully Submitted,

/s/ Rebecca Webber
Rebecca Webber
Webber Law
Texas State Bar Number 24060805
4228 Threadgill Street
Austin, Texas 78723
512-537-8833
rebecca@rebweblaw.com

Counsel for Amici Curiae Law Professors

**CERTIFICATE OF CONFERENCE**

Under Local Rule CV-7(g), I certify that on November 10 and 11, 2026, I conferred with counsel for Plaintiff, Griffin S. Rubin, and with counsel for Defendants, Assistant Attorney General Jordan P. Woody, about this motion. Plaintiff does not oppose the motion. Defendants oppose the motion. When asked, counsel for Defendants did not state a reason for the opposition.

*/s/ Rebecca Webber*

Rebecca Webber

**CERTIFICATE OF SERVICE**

I certify that on November 11, 2026, I filed this motion and its exhibits through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Rebecca Webber*

Rebecca Webber