**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| GREGORIO OLIVARES GUTIERREZ, *Plaintiff*, | § | |
| v. | § | |
| DR. PRABHAS V. MOGHE, in his individual capacity and his official capacity as President of the University of Texas at Dallas, DR. GENE FITCH, in his individual capacity, and DR. AMANDA SMITH, in her official capacity as Interim Vice President for Student Affairs and Dean of Students of the University of Texas at Dallas, | § | Civil Case No. 1:26-cv-02546-XR |
| JOHN M. ZERWAS, M.D., in his official capacity as Chancellor of the University of Texas System, and | § | |
| KEVIN P. ELTIFE, JANIECE LONGORIA, JAMES C. "RAD" WEAVER, CHRISTINA MELTON CRAIN, ROBERT P. GAUTT, JODIE LEE JILES, NOLAN PEREZ, M.D., STUART W. STEDMAN, and KELCY L. WARREN, in their official capacities as members of the Board of Regents of the University of Texas System, | § | |
| *Defendants*. | § | |

**DEFENDANTS' RESPONSE OPPOSING
MOTION FOR LEAVE TO FILE AMICUS BRIEF [ECF 17]**

TO THE HONRORABLE JUDGE XAVIER RODRIGUEZ:

COME NOW Defendants Dr. Prabhas V. Moghe, in his individual capacity and his official capacity as President of the University of Texas at Dallas, Dr. Gene Fitch, in his individual capacity, and Dr. Amanda Smith, in her official capacity as Interim Vice President for Student Affairs and Dean of Students of the University of Texas at Dallas, John M. Zerwas, M.D., in his official capacity as Chancellor of the University of Texas System, and Kevin P. Eltife, Janiece Longoria, James C. "Rad" Weaver, Christina Melton Crain, Robert P. Gautt, Jodie Lee Jiles, Nolan Perez, M.D., Stuart W. Stedman, and Kelcy L. Warren, in their official capacities as members of the Board of Regents of the University of Texas System (hereinafter, "Defendants"), and file this Response in Opposition to the "Motion of Law Professors Faisal Chaudhry, Mohammad Fadel, and Ramsi A. Woodcock for Leave to File Brief as Amicus Curiae in Support of Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction" ("Motion for Leave") [ECF 17], and would show as follows:

## INTRODUCTION

In the absence of authority governing a district court's decision to grant or deny a nonparty's motion for leave to file an amicus brief, "district courts commonly refer to Rule 29 [of the Federal Rules of Appellate Procedure] for guidance." *Tex. v. United States*, No. 6:21-CV-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021). Fed. R. App. P. 29 ("Rule 29") lays out the following requirements:

- Rule 29 governs amicus filings during a court's initial consideration of a case on the merits. Fed. R. App. P. 29(a)(1).
- An amicus curiae must file its brief no later than 7 days after the principal brief of the party being supported is filed. Fed. R. App. P. 29(a)(6).

In addition to meeting Rule 29 requirements, "….[f]actors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *Tex. v. United States*, No. 6:21-CV-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021). A motion for leave to file an amicus curiae brief should not be granted unless the court deems the proffered information timely and useful. Here, the Motion for Leave fails to adhere to Rule 29 and fails to be timely or useful.

**A. The Amicus Brief is not timely.**

Pursuant to Fed. R. App. P. 29(a)(6), the amicus brief was due no later than 7 days after the principal brief of the party being supported was filed. Plaintiff filed his Motion for Temporary Restraining Order and Injunction ("Plaintiff's Motion") [ECF 12] on October 23, 2026. The Motion for Leave to file amicus brief was filed on November 11, 2026, 19 days after Plaintiff's Motion. The Motion for Leave is also filed on the eve of the hearing for Plaintiff's Motion, currently scheduled for November 13, 2026.

Therefore, the Motion for Leave to file the amicus brief is untimely and should be denied.

**B. Plaintiff's Motion is not a consideration of the case on the merits.**

Plaintiff's Motion seeks a temporary retraining order and does not seek a decision on the merits of the case. Therefore, the amicus brief is procedurally premature.

A temporary restraining order is typically granted, *pending trial on the merits*, to prevent irreparable injury that may result *before a dispositive trial*. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985); *Jones v. Dir., TDCJ-CID*, No. 4:24-CV-693, 2025 WL 2946091, at *1 (E.D. Tex. Aug. 26, 2025). The purpose of a temporary restraining order is not to give a plaintiff the ultimate relief he seeks, but to preserve a court's power to render a meaningful decision *after a trial on the merits or until the court renders a decision on the merits*. *Jones v. Dir., TDCJ-*

*CID*, No. 4:24-CV-693, 2025 WL 2946091, at *1 (E.D. Tex. Aug. 26, 2025); *Haidari v. Noem*, No. 3:25-CV-00250-LS, 2026 WL 1910575, at *1 (W.D. Tex. July 1, 2026).

At a hearing on a motion for temporary restraining order, the court is only tasked with a decision regarding whether to maintain the status quo while the parties prepare thorough arguments on the merits of this case. *See Tex. v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 547 (W.D. Tex. 2023).

Pursuant to Fed. R. App. P. 29(a)(1), the Motion for Leave should be denied as this case is far from being in a procedural posture to determine the merits of Plaintiff's claims.

**C. The Amicus Brief is not useful.**

*1. The issue presented in the amicus brief is a different issue than what is at issue in this suit.*

The amicus brief states that the interest is in "whether a public university may treat speech about Isreal as discrimination against Jewish members of the university community." This is not the ultimate issue in this case. The ultimate issue is whether the named Defendants, all of whom were not involved in the sanctions taken against Plaintiff or the process by which Plaintiff was sanctioned, should be held accountable for the sanctions taken against Plaintiff. The broad question of whether speech about Isreal is discrimination is not at issue in this case.

Additionally, the amicus brief discusses the bounds of Title VI. But there are no Title VI claims made in this case.

*2. The amicus brief is unhelpful to the issue of a temporary restraining order hearing.*

The issue presented in the temporary restraining order hearing is whether Plaintiff can make a showing regarding (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the

defendant; and (4) that the temporary restraining order will not disserve the public interest. *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017). The amicus brief does not discuss any of these issues. The amicus brief argues that the overall case is important and articulates reasons for its importance; however that does nothing to help determine whether Plaintiff can meet the requirements for a temporary restraining order.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny the Motion for Leave to File an Amicus Brief [ECF 17].

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division
*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General
Texas Bar No. 24085665
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2100
Fax: (512) 320-0667
Jordan.Woody@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/ECF on this 12th day of November, 2026, which will send electronic notice of filing to Counsel for Plaintiff.

Griffin S. Rubin
Jonathan Bridges
Cash W. Carter
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
E: gsr@sbaitilaw.com
E: jeb@sbaitilaw.com
E: cash.carter@sbaitilaw.com

*Attorneys for Plaintiff*

Rebecca Webber
Webber Law
4228 Threadgill Street
Austin, Texas 78723
512-537-8833
rebecca@rebweblaw.com

*Counsel for Amici Curiae Law Professors*

*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General