**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

GREGORIO OLIVARES GUTIERREZ,

Plaintiff,

v.

DR. PRABHAS V. MOGHE, et al.,

Defendants.

Case No. 1:26-cv-02546-XR

**AMICI CURIAE LAW PROFESSORS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE**

Defendants oppose leave on three grounds: that the brief is untimely under Federal Rule of Appellate Procedure 29(a)(6), that Rule 29(a)(1) does not permit amicus briefs before a decision on the merits, and that the brief is not useful. ECF 18 at 3–5. None of these grounds is a reason to deny leave. To the extent Local Rule CV-7(e) requires leave for amici, who are not parties, to file this reply, amici respectfully request it.

## I. The Timing of the Brief Causes No Prejudice.

No Federal Rule of Civil Procedure or Local Rule of this Court sets a deadline for amicus briefs. Defendants acknowledge that district courts look to Rule 29 for guidance. ECF 18 at 2. That guidance does not support denial. The same provision that sets the seven-day period also states: "A court may grant leave for later filing, specifying the time within which an opposing party may answer." Fed. R. App. P. 29(a)(6). The seven-day period runs from a principal brief in a court of appeals. Briefing on a motion for a temporary restraining order follows no such schedule. Defendants filed their response to Plaintiff's motion on November 10, 2026, eighteen days after Plaintiff filed the motion. *See* ECF 12; ECF 15. Amici moved for leave the next day, two days before the hearing. ECF 17. Defendants have had the brief since then and have already responded to the motion. ECF 18. Defendants identify no prejudice from the timing. If the Court would like Defendants to answer the brief itself, Rule 29(a)(6) contemplates exactly that.

**II. Rule 29(a)(1) Does Not Bar Amicus Briefs at the Preliminary Stage.**

Defendants argue that Plaintiff's motion "is not a consideration of the case on the merits" and that the brief is therefore premature under Rule 29(a)(1). ECF 18 at 3–4. Rule 29(a)(1) provides: "This Rule 29(a) governs amicus filings during a court's initial consideration of a case on the merits." The word "initial" distinguishes the rule from new Rule 29(b), which governs amicus filings on rehearing. The two provisions were added together in 2016, when "Rule 29 [was] amended to address amicus filings in connection with requests for panel rehearing and rehearing en banc." Fed. R. App. P. 29 advisory committee's note to 2016 amendment. Rule 29(a)(1) sorts appellate amicus filings between initial consideration and rehearing. It says nothing about when a district court may accept an amicus brief.

In any event, the merits are the first question on a motion for a temporary restraining order. The movant must establish "a substantial likelihood of success on the merits." *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017) (quoting *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014)). The brief addresses that question.

**III. The Brief Is Useful to the Question Before the Court.**

Defendants argue that the brief addresses a different issue because Defendants were not involved in the sanctions and because Plaintiff brings no Title VI claim. ECF 18 at 4. The University of Texas at Dallas charged Plaintiff with "national origin-based harassment." ECF 12-2 at 3. Whether Plaintiff's editing and editor's note could be harassment on that basis bears directly on whether the discipline violated the First Amendment. That question is part of Plaintiff's likelihood of success on the merits. The brief does not depend on Title VI. Defendants' contention that Defendants were not involved in the sanctions is a defense on the

merits, which Defendants remain free to press. That contention is not a reason to keep the brief from the Court.

Defendants also argue that the brief does not discuss any of the factors for a temporary restraining order. ECF 18 at 4–5. The brief addresses the first factor. When a movant shows a substantial likelihood of a constitutional violation, irreparable injury follows. *See Whole Woman's Health*, 264 F. Supp. 3d at 824 n.6. An amicus brief need not repeat the parties' arguments on every factor to be useful.

Doubts about usefulness are best resolved by reading the brief. In granting an opposed motion for leave, the Fifth Circuit adopted then-Judge Alito's reasoning: "[i]f an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)). "On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.* (quoting *Neonatology*, 293 F.3d at 133). That reasoning has added force here. In a court of appeals, the judge who rules on a motion for leave may not be a judge who decides the merits. *See Neonatology*, 293 F.3d at 133. In this case, the Court that rules on the motion is the Court that will decide whether the brief helps.

For these reasons, and those stated in the motion, amici respectfully ask the Court to grant leave to file the brief attached to the motion as Exhibit 1 (ECF 17-1).

Dated: November 13, 2026

Respectfully Submitted,
*/s/ Rebecca Webber*

Rebecca Webber
Webber Law
Texas State Bar Number 24060805
4228 Threadgill Street
Austin, Texas 78723
512-537-8833
rebecca@rebweblaw.com

Counsel for Amici Curiae Law Professors

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, I filed this reply through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Rebecca Webber*
Rebecca Webber